David J. McGlothlin, Esq. (SBN: 026059)
David@westcoastlitigation.com
**HYDE & SWIGART**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for Plaintiff
Fabiola Ordoñez

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Fabiola Ordoñez, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Credit Protection Association LP,<br><br>Defendant. | Case No: _____<br><br>**[Class Action]**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Fabiola Ordoñez ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Credit Protection Association LP Services, Inc. ("CPA" or "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example,

computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7. The Ninth Circuit recently affirmed certification of a TCPA class action remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

**JURISDICTION AND VENUE**

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this judicial district, the harm to Plaintiff occurred in this judicial district, and Defendant is subject to personal jurisdiction in the County of Maricopa, State of Arizona because it conducts business there.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a resident of the City of Avondale, County of Maricopa, State of Arizona. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the City of Dallas, County of Dallas, in the State of Texas but is licensed under the laws of the State of Arizona to collect debts from Arizona consumers.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was a citizen of the State of Arizona. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. CPA is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

14. At all times relevant, CPA conducted business in the State of Arizona and in the County of Maricopa, within this judicial district.

15. On or about November 13, 2014 at approximately 8:25 a.m., Defendant contacted Plaintiff on Plaintiff's cellular telephone number via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The artificial or prerecorded voice call was directed to a "Name Name."

18. The collection call from Defendant's telephone number (888) 745-2315 to Plaintiff's cellular telephone number ending in 5230 was unsolicited by Plaintiff and without Plaintiff's permission or consent.

19. Plaintiff never provided permission nor consent for Defendant to call Plaintiff on her cellular telephone number.

20. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Plaintiff did not provide CPA or its agent(s) prior express consent to receive the call on or about November 13, 2014 to her cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. The telephone call by CPA, or its agent(s), violated 47 U.S.C. § 227(b)(1).

24. CPA made additional collection calls from telephone number (888) 745-2315 to Plaintiff's cellular telephone number ending in 5230. These calls were also unsolicited by Plaintiff and without Plaintiff's permission or consent.

25. Defendant called several times, including but not limited to: November 14, 2014 at 1:08 p.m., November 18, 2014 at 8:18 a.m and November 19, 2014.

26. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. These telephone calls by CPA, or its agent(s), violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

29. Plaintiff represents, and is a member of the Class, consisting of: All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with

the recipient's prior express consent, within the four years prior to the filing of the Complaint.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using artificial or prerecorded voice messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records and/or Defendant's agents' records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact

to the Class predominate over questions which may affect individual Class members, including but not necessarily limited to the following:

  a) Whether, within the four years prior to the filing of the Complaint, Defendant or its agents sent any unsolicited artificial or prerecorded voice message/s to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular telephone service;

  b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

35. As a person who received at least one artificial or prerecorded voice message utilizing an ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

36. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to

1  comply with federal law. The interest of Class members in individually
2  controlling the prosecution of separate claims against Defendant is small
3  because the maximum statutory damages in an individual action for violation
4  of privacy are minimal. Management of these claims is likely to present
5  significantly fewer difficulties than those presented in many class claims.

39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: November 23, 2014         By: **/s/ David J. McGlothlin**
David J. McGlothlin
Attorneys for Plaintiff